■ In the Matter of Providing a Water Supply for the CITY OF NEW YORK. ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Appellants; ROBERT S. DOIG, Respondent.—Main, J. Appeal from an order of the Supreme Court at Special Term (Harlem, J.), entered December 4, 1984 in Delaware County, which, in a proceeding pursuant to Administrative Code of the City of New York, chapter 51, title K, *inter alia,* modified the award to claimant made by the Commissioners of Appraisal.

Claimant worked as a veterinarian in the Town of Walton, Delaware County, during the years 1954 through 1957. During that same period, on behalf of the Department of Agriculture and Markets, he also tested cattle for tuberculosis and brucellosis and was compensated therefor. In 1958, claimant entered into a partnership with another veterinarian.

Claimant filed a claim in 1966 pursuant to the Administrative Code of the City of New York § K51-44.0 (a) alleging damage to his business as a result of work related to construction of the Cannonsville Reservoir. The partnership failed to so file a timely claim to recover any damages that it may have suffered. In 1982, at a hearing before the Commissioners of Appraisal, claimant testified that the flooding of the area that is now the reservoir eliminated many dairy farms and decreased the area's cattle population, thereby damaging his veterinary business. The Commissioners, after taking into consideration both the salary that claimant had received from the State and the profit realized from his veterinary practice from 1954 through 1957, awarded him $10,317.65. Thereafter, Special Term, basing its calculations exclusively on data submitted for 1955, increased the award to $15,156.26. Petitioners now appeal from Special Term's order.

We note at the outset that both the Commissioners of Appraisal and Special Term erred in taking into consideration in computing the award any amount that claimant had re-

ceived from the Department of Agriculture and Markets. Such amounts were in the nature of a salary; accordingly, claimant should have made a claim pursuant to Administrative Code § K51-44.0 (c). Having filed a claim pursuant to Administrative Code § K51-44.0 (a) to recover only damages to his business, claimant could not thereafter recover amounts for which he had filed no claim.

As for the issue of damage to claimant's business, we conclude that the claim should be dismissed. Our review of claimant's income tax statements for the years in question reveals that his gross receipts and gross profit actually increased during the period. The sole reason that his net profit dropped was because he incurred additional expenses, none of which were in any way related to the reservoir project. In fact, one of the more significant additional expenses was a salary paid to a second veterinarian hired as a result of the expansion of his business. Were it not for these extra expenses, claimant's net income during the period would have increased rather than decreased. Such being the case, and despite the fact that claimant may indeed have lost some clients during the years in question as a result of the reservoir project, we perceive no compensable damage to claimant's business pursuant to the Administrative Code (see, Matter of Ford [Dosseff—Conklin], 36 AD2d 352, 353; Matter of Ford [Church—Rock Royal Co-op], 35 AD2d 645, 649).

Order reversed, on the law and the facts, without costs, and claim dismissed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.